IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF GEORGIA
STATESBORO DIVISION

SCOTTY W. JOBE,

    Plaintiff,

v.

GEORGIA STATE PRISON,

    Defendant.

CIVIL ACTION NO.: 6:16-cv-145

## ORDER and MAGISTRATE JUDGE'S REPORT AND RECOMMENDATION

Plaintiff filed a Complaint pursuant to 42 U.S.C. § 1983 while incarcerated at Georgia State Prison ("GSP") in Reidsville, Georgia, contesting actions taken against him by GSP officers. (Doc. 1.) Plaintiff filed two Motions to Proceed *in Forma Pauperis*, (docs. 8, 10), which the Court granted, (doc. 11). After receiving Plaintiff's change of address, the Court vacated its previous Order granting Plaintiff's Motions. (Doc. 14.) The Court deferred ruling on Plaintiff's Motions to Proceed *in Forma Pauperis* because Plaintiff was no longer incarcerated. Instead, the Court ordered Plaintiff to file a new non-Prison Litigation Reform Act ("PLRA") *in forma pauperis* affidavit and to amend his Complaint. (Id.) For the reasons set forth below, the Court **DENIES** Plaintiff's recently-filed Motion to Proceed *in Forma Pauperis*, (doc. 15), and **DISMISSES AS MOOT** Plaintiff's original Motions, (docs. 8, 10). For these same reasons, I **RECOMMEND** the Court **DISMISS** Plaintiff's Complaint for failure to state a claim and failure to follow this Court's Order and **DIRECT** the Clerk of Court to **CLOSE** this case. Additionally, I **RECOMMEND** the Court **DENY** Plaintiff leave to appeal *in forma pauperis*.

## BACKGROUND

Plaintiff previously filed two Motions to Proceed *in Forma Pauperis* with this Court. (Docs. 8, 10.) The Court granted Plaintiff's Motions to Proceed *in Forma Pauperis*, pursuant to 28 U.S.C. § 1915, and directed Plaintiff to submit Trust Fund Statement and Consent to Collection forms within thirty days of its Order. (Doc. 11.) However, on January 10, 2017, the Court vacated this Order because Plaintiff was no longer incarcerated and did not have a Prison Trust Fund Account. (Doc. 14.) Consequently, the Court ordered Plaintiff to file a new non-PLRA *in Forma Pauperis* affidavit, as well as an amended complaint. (Id. at p. 1.)

Plaintiff names GSP in his Complaint as the sole Defendant. In its January 10, 2017, Order, the Court advised Plaintiff that GSP "is not capable of being sued [and] . . . Plaintiff's Complaint in its current form fails to state a claim upon which relief may be granted." (Doc. 14, pp. 7–8.) The Court warned Plaintiff that his action was due to be dismissed but would provide Plaintiff with an opportunity to amend his Complaint. (Id.) However, subsequent to that Order, Plaintiff only filed a new Motion for Leave to Proceed *in Forma Pauperis*, wherein he lists GSP as the sole Defendant. (Doc. 15.)

## STANDARD OF REVIEW

Plaintiff seeks to bring this action *in forma pauperis*. Under 28 U.S.C. § 1915(a)(1), the Court may authorize the filing of a civil lawsuit without the prepayment of fees if the plaintiff submits an affidavit that includes a statement of all of his assets, shows an inability to pay the filing fee, and also includes a statement of the nature of the action which shows that he is entitled to redress. Even if the plaintiff proves indigence, the Court must dismiss the action if it is frivolous or malicious, or fails to state a claim upon which relief may be granted. 28 U.S.C. §§ 1915(e)(2)(B)(i)–(ii). Additionally, pursuant to 28 U.S.C. § 1915A, the Court must review a

complaint in which a prisoner seeks redress from a governmental entity. Upon such screening, the Court must dismiss a complaint, or any portion thereof, that is frivolous or malicious, or fails to state a claim upon which relief may be granted or which seeks monetary relief from a defendant who is immune from such relief. 28 U.S.C. § 1915A(b).

The Court looks to the instructions for pleading contained in the Federal Rules of Civil Procedure when reviewing a Complaint on an application to proceed *in forma pauperis*. See Fed. R. Civ. P. 8 ("A pleading that states a claim for relief must contain [among other things] . . . a short and plain statement of the claim showing that the pleader is entitled to relief."); Fed. R. Civ. P. 10 (requiring that claims be set forth in numbered paragraphs, each limited to a single set of circumstances). Further, a claim is frivolous under Section 1915(e)(2)(B)(i) "if it is 'without arguable merit either in law or fact.'" Napier v. Preslicka, 314 F.3d 528, 531 (11th Cir. 2002) (quoting Bilal v. Driver, 251 F.3d 1346, 1349 (11th Cir. 2001)).

Whether a complaint fails to state a claim under Section 1915(e)(2)(B)(ii) is governed by the same standard applicable to motions to dismiss under Federal Rule of Civil Procedure 12(b)(6). Thompson v. Rundle, 393 F. App'x 675, 678 (11th Cir. 2010). Under that standard, this Court must determine whether the complaint contains "sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" Ashcroft v. Iqbal, 556 U.S. 662, 678 (2009) (quoting Bell Atl. Corp. v. Twombly, 550 U.S. 544, 570 (2007)). A plaintiff must assert "more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not" suffice. Twombly, 550 U.S. at 555. Section 1915 also "accords judges not only the authority to dismiss a claim based on an indisputably meritless legal theory, but also the unusual power to pierce the veil of the complaint's factual allegations and

dismiss those claims whose factual contentions are clearly baseless." Bilal, 251 F.3d at 1349 (quoting Neitzke v. Williams, 490 U.S. 319, 327 (1989)).

In its analysis, the Court will abide by the long-standing principle that the pleadings of unrepresented parties are held to a less stringent standard than those drafted by attorneys and, therefore, must be liberally construed. Haines v. Kerner, 404 U.S. 519, 520 (1972); Boxer X v. Harris, 437 F.3d 1107, 1110 (11th Cir. 2006) ("*Pro se* pleadings are held to a less stringent standard than pleadings drafted by attorneys.") (emphasis omitted) (quoting Hughes v. Lott, 350 F.3d 1157, 1160 (11th Cir. 2003)). However, Plaintiff's unrepresented status will not excuse mistakes regarding procedural rules. McNeil v. United States, 508 U.S. 106, 113 (1993) ("We have never suggested that procedural rules in ordinary civil litigation should be interpreted so as to excuse mistakes by those who proceed without counsel.").

## DISCUSSION

### I. Dismissal for Failure to State a Claim and Failure to Follow this Court's Orders

This Court issued an Order directing Plaintiff to amend his Complaint and provided specific instructions as to how Plaintiff could amend to state a plausible claim. Specifically, the Court advised Plaintiff that he "has not named any persons who participated in the alleged violation of his rights." (Doc. 14, p. 7.) Furthermore, the only named Defendant, GSP, was not capable of being sued, and consequently, Plaintiff's Complaint "in its current form fails to state a claim upon which relief may be granted." (Id. at pp. 7–8.) However, instead of remedying this defect, Plaintiff ignored the Court's instructions and entirely failed to amend his Complaint.

The Court warned Plaintiff in its Order that his Complaint was due to be dismissed if he did not amend to include other Defendants. (Id. at p. 8.) Accordingly, the Court should **DISMISS** Plaintiff's Complaint for failure to state a claim. (See Doc. 14, pp. 7–8 (Plaintiff's Complaint against GSP fails to state a viable Section 1983 claim).) Additionally, the Court

should **DISMISS** this action for Plaintiff's failure to follow this Court's Orders. See Taylor v. Spaziano, 251 F. App'x 616, 620–21 (11th Cir. 2007) (upholding dismissal without prejudice for failure to prosecute, because plaintiffs insisted on going forward with deficient amended complaint rather than complying, or seeking an extension of time to comply, with court's order to file second amended complaint).

II. **Leave to Appeal** *in Forma Pauperis*

The Court should also deny Plaintiff leave to appeal *in forma pauperis*.[1] Though Plaintiff has, of course, not yet filed a notice of appeal, it would be appropriate to address these issues in the Court's order of dismissal. Fed. R. App. P. 24(a)(3) (trial court may certify that appeal is not take in good faith "before or after the notice of appeal is filed").

An appeal cannot be taken *in forma pauperis* if the trial court certifies that the appeal is not taken in good faith. 28 U.S.C. § 1915(a)(3); Fed. R. App. P. 24(a)(3). Good faith in this context must be judged by an objective standard. Busch v. Cty. of Volusia, 189 F.R.D. 687, 691 (M.D. Fla. 1999). A party does not proceed in good faith when he seeks to advance a frivolous claim or argument. See Coppedge v. United States, 369 U.S. 438, 445 (1962). A claim or argument is frivolous when it appears the factual allegations are clearly baseless or the legal theories are indisputably meritless. Neitzke v. Williams, 490 U.S. 319, 327 (1989); Carroll v. Gross, 984 F.2d 392, 393 (11th Cir. 1993). Or, stated another way, an *in forma pauperis* action is frivolous and, thus, not brought in good faith, if it is "without arguable merit either in law or fact." Napier v. Preslicka, 314 F.3d 528, 531 (11th Cir. 2002); see also Brown v. United States, Nos. 407CV085, 403CR001, 2009 WL 307872, at *1–2 (S.D. Ga. Feb. 9, 2009).

---

[1] A certificate of appealability is not required in this Section 1983 action.

Based on the above analysis of Plaintiff's action, there are no non-frivolous issues to raise on appeal, and an appeal would not be taken in good faith. Thus, the Court should **DENY** Plaintiff *in forma pauperis* status on appeal.

## CONCLUSION

For the foregoing reasons, the Court **DENIES** Plaintiff's Motion to Proceed *in Forma Pauperis*, (doc. 15), and **DISMISSES AS MOOT** Plaintiff's original Motions, (docs. 8, 10). For these same reasons, I **RECOMMEND** the Court **DISMISS** Plaintiff's Complaint based on his failure to state a claim and to follow this Court's Orders, **DIRECT** the Clerk of Court to **CLOSE** this case, and **DENY** Plaintiff leave to appeal *in forma pauperis*.

The Court **ORDERS** any party seeking to object to this Report and Recommendation to file specific written objections within fourteen (14) days of the date on which this Report and Recommendation is entered. Any objections asserting that the Magistrate Judge failed to address any contention raised in the Complaint must also be included. Failure to do so will bar any later challenge or review of the factual findings or legal conclusions of the Magistrate Judge. See 28 U.S.C. § 636(b)(1)(C); Thomas v. Arn, 474 U.S. 140 (1985). A copy of the objections must be served upon all other parties to the action. The filing of objections is not a proper vehicle through which to make new allegations or present additional evidence.

Upon receipt of Objections meeting the specificity requirement set out above, a United States District Judge will make a *de novo* determination of those portions of the report, proposed findings, or recommendation to which objection is made and may accept, reject, or modify in whole or in part, the findings or recommendations made by the Magistrate Judge. Objections not meeting the specificity requirement set out above will not be considered by a District Judge. A party may not appeal a Magistrate Judge's report and recommendation directly to the United States Court of Appeals for the Eleventh Circuit. Appeals may be made only from a final

judgment entered by or at the direction of a District Judge. The Court **DIRECTS** the Clerk of Court to serve a copy of this Report and Recommendation upon the Plaintiff.

**SO ORDERED** and **REPORTED** and **RECOMMENDED**, this 30th day of January, 2017.

R. STAN BAKER
UNITED STATES MAGISTRATE JUDGE
SOUTHERN DISTRICT OF GEORGIA